UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EDWIN BROOKS,

        Plaintiff,                      Case No. 1:08-cv-1170

v.                                     Honorable Gordon J. Quist

ALFRED M. BUTZBAUGH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Defendants Butzbaugh, Schofield, Dewane, and Sanford will be dismissed because they are immune, and Defendant Mais will be dismissed for failure to state a claim. In addition, Plaintiff's claims against Defendants Chandler, Laesch and Biggart regarding their testimony at the state-court proceedings will be dismissed because they are immune. The remaining claims against Defendants Chandler, Laesch and Biggart will be stayed.

To the extent that it seeks habeas corpus relief, Plaintiff's addendum will be dismissed without prejudice as premature.

## Discussion

I.   Factual allegations

Petitioner is currently confined at the Berrien County Jail in St. Joseph, Michigan. In his *pro se* complaint, Plaintiff sues Chief Judge Alfred Butzbaugh, Judge Scott Schofield, and Judge John Dewane of Berrien County Circuit Court, Berrien County Assistant Prosecuting Attorney Mark Sanford, Detectives David Chandler, Frederick Laesch and Rick Biggart, and attorney Albert Mais. (Compl. at 2, docket #1.) Plaintiff does not appear to contest the conditions of his confinement. Instead, Plaintiff asserts that the Defendants are conspiring against him. (*Id.* at 5-6.) Plaintiff asserts that there was no lawful arrest warrant at the time he was arrested (*id.* at 2-3), that the witnesses against him during the preliminary hearing gave false testimony and that the Defendants knew the testimony was false (*id.* at 3), that the detectives falsified their police reports and gave false testimony (*id.*) and that Defendant APA Sanford knew that the testimony given at the preliminary examination was false and relied upon false information (*id.* at 4). Plaintiff alleges that Defendant Judge Schofield knew that the testimony given at the Preliminary Hearing was false and that there was insufficient evidence to bind Plaintiff over for trial. (*Id.* at 5.) Plaintiff alleges that Defendants Butzbaugh, Dewane and Schofield were biased and prejudiced against Plaintiff in their decisions to deny Plaintiff's motions and/or hold him for trial. (*Id.* at 6.) Plaintiff alleges that Defendant Mais knew the testimony given at the preliminary hearing was false. (*Id*. at 7-8.) For relief, Plaintiff requests compensatory and punitive damages. (*Id.* at 9.)

> II.   Immunity
>
>> A.   **Chief Judge Alfred Butzbaugh, Judge Scott Schofield, and Judge John Dewane**

Plaintiff alleges that Defendant Judge Schofield knew that the testimony given at the Preliminary Hearing was false and that there was insufficient evidence to bind Plaintiff over for trial. (Compl. at 5, docket #1.) Plaintiff alleges that Defendant Judges Butzbaugh, Dewane and Schofield were biased and prejudiced against Defendant in their decisions to deny Plaintiff's motions and/or hold him for trial. (*Id.* at 6.) Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that ruling upon Plaintiff's motions and presiding over his Preliminary Hearing were judicial acts and that the Judges were acting within their respective jurisdictions in doing so. Accordingly, Defendant Judges Butzbaugh, Dewane and Schofield are absolutely immune from liability. Because Defendant Judges Butzbaugh, Dewane and Schofield are immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.    Assistant Prosecuting Attorney Sanford

Assistant Prosecuting Attorney Mark Sanford is also entitled to absolute immunity for his actions in prosecuting Plaintiff by presenting evidence at the preliminary hearing. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection of absolute immunity, while investigatory or administrative functions that are normally performed by a detective or police officer are not. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, selecting a jury during a criminal trial is part of the prosecutor's role as an advocate. Accordingly, Defendant Sanford is entitled to immunity.

### C.    Testimony of Detectives Chandler, Laesch and Biggart

Absolute witness immunity bars a claim that is based on a defendant testifying in a prior judicial proceeding. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial

proceedings."); *accord Hinchman v. Moore*, 312 F.3d 198, 205 (6th Cir. 2002). "Immunity regarding testimony, however, does not 'relate backwards' to events that transpired prior to testifying, even if they are related to subsequent testimony." *Hinchman*, 312 F.3d at 205 (citing *Spurlock*, 167 F.3d at 1001). As a result, to the extent Plaintiff seeks to challenge Defendant Chandler, Defendant Laesch or Defendant Biggart's representations made in a state-court proceeding, his damages claim is barred by absolute witness immunity.

   III.   Failure to state a claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).

It appears that Mais was Plaintiff's defense attorney. (Compl. at 7-9; Addendum at 11, docket #7.) It is not clear if Mais was privately retained by Plaintiff or court-appointed. However, even if Mais were Plaintiff's court-appointed attorney, Plaintiff cannot show that Mais acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel perform a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a

> defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. It thus held that even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and free from state control. *Id*. The Sixth Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Watson v. Carreer*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Pagani-Gallego v.Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988). Accordingly, attorney Mais does not act under color of state law, and no claim under § 1983 can be maintained against him.[1]

---

[1] To the extent that Plaintiff asserts claims of fraud or legal malpractice, these claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Accordingly, any such claims are dismissed without prejudice.

IV.     Stay Remaining Claims against Detectives Chandler, Laesch and Biggart

Plaintiff currently is confined at the Berrien County Jail in St. Joseph, Michigan. According to his Complaint, Plaintiff currently is being prosecuted in Berrien County. Plaintiff's allegations are all related to his arrest and the pending state prosecution. In his remaining claims against Detectives Chandler, Laesch and Biggart, Plaintiff alleges that the search warrant executed on his home was invalid, that the warrant for Plaintiff's arrest was either invalid or did not exist at the time of his arrest and that the police reports were fabricated.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state-court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). Although there are on-going state-court proceedings, Plaintiff only seeks monetary damages in this action. Since Plaintiff is not seeking an injunction to stop the state-court proceedings, *Younger* abstention is not proper.

The United States Supreme Court indicated that claims such as Plaintiff's should be stayed pending the outcome of the pending state prosecution. In addressing the question of when

the statute of limitations for a false arrest § 1983 claim began, the United States Supreme Court held that:

> If a plaintiff files a false arrest claim before he has been convicted (***or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended***.
>
> If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-394 (2007) (internal citations omitted and emphasis added). Plaintiff's claims are likely to be related to rulings made in the state court regarding evidence. Therefore, this Court will stay Plaintiff's remaining claims against Defendants Chandler, Laesch and Biggart pending the resolution of the related state-court proceedings pending against Plaintiff.

V.   Plaintiff's Addendum

Plaintiff has also filed an "Addendum to Petition for Habeas Corpus Action" (docket #7). As outlined in the opinions dismissing Plaintiff's two recently filed habeas petitions, a habeas petition filed at this time is premature. *See Brooks v. Unknown Party #1 et al.*, 1:08-cv-770 (W.D. Mich. Oct. 22, 2008); *Brooks v. Butzbaugh et al.*, 1:08-cv-1121 (W.D. Mich. Dec. 29, 2008). Therefore, to the extent Plaintiff seeks habeas relief, his addendum will be dismissed without prejudice because it is premature.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Butzbaugh, Schofield, Dewane, and Sanford will be dismissed because they are immune. Defendant Mais will be dismissed for failure to state a claim. Plaintiff's claims against Defendants Chandler, Laesch and Biggart regarding their testimony at the state-court

proceedings will be dismissed because of immunity. The remaining claims against Defendants Chandler, Laesch and Biggart will be stayed pending the resolution of the related state-court proceedings pending against Plaintiff. To the extent that it seeks habeas corpus relief, Plaintiff's addendum will be dismissed without prejudice as premature.

      A Order consistent with this Opinion will be entered.


Dated: February 6, 2009                                             /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE